GILBREATH *v.* FERGUSON *et al.*

(*Knoxville*, September Term (May Session) 1952.)

Opinion filed July 17, 1953.

THOMAS E. MITCHELL, of Johnson City, for petitioner.

SHELBURNE FERGUSON, of Kingsport, THOMAS H. ROGAN, of Rogersville, DODSON & DODSON, of Kingsport, and WINFIELD B. HALE, JR., of Rogersville, for defendants.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

On January 20, 1953, Hon. Shelburne Ferguson and Hon. Thomas H. Rogan, Judges respectively of the Cir-

cuit and Criminal Courts of Sullivan County, Tennessee, appointed T. A. Dodson, Jr., Brantley Blue and Howard S. Witt, representatives of the Kingsport Bar, to make an investigation of the activities of the Blountville Bonding Company and L. E. Bellamy, sole owner of the company, in executing bonds in the General Sessions Court of Sullivan County. The appointment was made in response to a motion made in open court "by a group of citizens from the Kingsport bar" that the aforesaid company be prohibited from making any further bonds on account of a failure to comply with the law governing professional bondsmen.

The committee reported that the said bonding company's semiannual reports were filed too late and were false and inadequate, in that they did not list the names of persons having an interest in said company, etc., and that the listed asset of the company (a 68 acre farm) was not an asset of the company. Other alleged unlawful acts not necessary to state in detail were reported by the committee. The bonding company made answer to this adverse report and oral evidence was heard by the two judges as to charges by the committee. The judges thereupon found that the report of alleged violations of the law was true. An order was entered prohibiting the Blountville Bonding Company and L. E. Bellamy from making bonds in the General Sessions Court at Kingsport, Tennessee.

The defendant, S. G. Gilbreath, Judge, etc., was not made a party to the foregoing proceedings.

Following the entry of the above mentioned order prohibiting the making of bonds in the General Sessions Court, the said Blountville Bonding Company and L. E. Bellamy continued to make bonds in the General Sessions

Court at Kingsport, which were approved by Judge S. G. Gilbreath.

It appears that the two Judges thereupon issued a citation to the said Gilbreath as follows: "to appear and answer said petition or complaint, and show cause why he should not be found guilty of contempt of court in aiding and abetting said L. E. Bellamy and/or said Blountville Bonding Company in violation of said decree or judgment entered against L. E. Bellamy and said Blountville Bonding Company, prohibiting them and each of them from executing criminal bonds in Sessions Court or any Court as set out in said petition or complaint."

Upon service of the foregoing citation the said S. G. Gilbreath filed his petition in this Court for writs of certiorari and supersedeas to the end that the authority of said Judges to issue the citation and punish for contempt be declared unlawful and beyond their jurisdiction. The petition was presented to Mr. Justice Burnett, a member of the Court, who directed the issuance of said writs and the case was transferred from the Supreme Court at Knoxville for hearing by the Court sitting at Nashville.

The petitioner has filed the following assignments of error: (1) The Judges of the Circuit Court and Criminal Court for Sullivan County, Tennessee, acted in excess of their jurisdiction in issuing an order attempting to hold the judge of the General Sessions Court in criminal contempt for accepting bonds of L. E. Bellamy and the Blountville Bonding Company in the General Sessions Court; such judges were without authority to direct a Judge of the General Sessions Court at Kingsport, Tennessee, what bonds were to be taken in his court, or by whom made, as the making of such bonds was a matter exclusively within the sound judgment and discretion of the petitioner. (2) The Judges acted illegally in citing the

532

Judge of the General Sessions Court to answer a citation for criminal contempt in a proceeding in which he had never been made a party and as to which he had no knowledge. Other assignments are pretermitted as being argumentative of the merits of the case.

We pretermit any consideration of the validity of the original restraining judgment and the citation as it affects L. E. Bellamy and the bonding company, since neither is before the Court in any capacity.

 The General Sessions Court of Sullivan County, Tenn., is a court of record and the jurisdiction of said court in criminal cases is the same as Magistrates prior to the creation of the court. The effect of the statutes creating General Sessions Courts is to transfer the jurisdiction of Justices of the Peace to the Sessions Courts. Code Sections 11652 and 11653 provide:

11652. *"Before commitment.* — The committing magistrate, before whom a defendant is brought for examination on a warrant of arrest, is authorized to take bail, either for his appearance for examination or for his appearance at court to answer the charge.

11653. *"After commitment.*—If the defendant is committed to jail in default of bail, the committing magistrate or sheriff may take bail at any time thereafter, for his appearance at the court having cognizance of the offense."

See also Code Sections 11654, 11655 and 11656 relating to the authority of sheriffs to take bail. Code Sections 11652 and 11653 were modified by the Legislatures of 1931 and 1937 as appear in the 1951 Code Supplement as Sections 11652 and 11653, which provide:

11652. *"Before commitment.* — The committing magistrate and/or the city court clerk of any incorporated municipality or city or his deputies, before

whom a defendant is brought for examination on a warrant of arrest, are authorized to take bail, either for his appearance for examination or for his appearance at court to answer the charge.''

11653. *"After commitment.*—If the defendant is committed to jail in default of bail, the committing magistrate or sheriff and/or the city court clerk of any incorporated municipality or city or his deputies may take bail at any time thereafter, for his appearance at the court having cognizance of the offense.''

█ We are cited to no statute which authorizes Judges of the Circuit Court or the Criminal Court to take a bail bond. Nor is there any citation to a statute which confers upon them any supervisory authority over magistrates, sheriffs or any city court clerk or his deputy or Judges of any General Sessions Court in taking bail of any defendant for his appearance before any inferior court or "at the court having cognizance of the offense.''

█ We readily concede that where an accused is bound to await the action of the grand jury, and bail is taken by a magistrate, sheriff, General Sessions Judge, etc., the Judge of the Circuit or Criminal Court then has full authority to require the defendant to either justify his bond or execute another bond. The bond so taken may be treated as no bond at all. Of course, the judge has full authority to determine who shall and who shall not qualify as a bondsman in his own court.

The original judgment of the court prohibits Bellamy and the Blountville Bonding Company from making bonds in *any court* in Sullivan County. The citation so recites. Now conceding for the present, but not deciding, that this is a valid judgment the question arises whether or not it would be within the authority of either or both of the Judges to cite for contempt the city clerk of any

city in Sullivan County, the sheriff of said county, the Judge of the County Court, etc., for taking a bond signed and executed by this bonding company. If this authority should be exercised in the case at bar and the General Sessions Judge committed to jail for criminal contempt for taking bonds of the said bonding company, would it not result in closing the court for any and all purposes? The said judge could hardly be expected to hold court in the jail house of Sullivan County. These questions are yet to be answered if and when the General Sessions Judge has been adjudged in contempt by the respondents.

■ While the assignments of error are not without merit we feel that the petition for writs of certiorari and supersedeas should be denied for the reason that there has been no final judgment against the petitioner. We will not assume that any judgment for contempt will ever be entered against him. The petitioner has not as yet made any response to the citation. The learned trial judges may, after due consideration of the case and applicable authorities, hold that the citation was improvidently issued. The petition is accordingly dismissed with costs.