CARL McGEE

*v.*

STATE OF TENNESSEE.

(*Nashville,* December Term, 1959.)

Opinion filed October 7, 1960.

432

ALFRED T. ADAMS, JR., GLASGOW & ADAMS, Nashville, for petitioner.

THOMAS E. FOX, Assistant Attorney General, for the State.

MR. JUSTICE FELTS delivered the opinion of the Court.

Petitioner, Carl McGee, was indicted in the Criminal Court of Davidson County in two cases, each charging him with conveying a pistol into the State Penitentiary with intent to aid prisoners to escape therefrom (T.C.A. sec. 39-3804), and with selling firearms without a license (Ch. 165, Acts 1959; T.C.A.Supp. sec. 39-4904).

He pleaded not guilty and the cases were set for trial June 16, 1960. On June 2, he gave notice to the District Attorney General that on June 8, he would take the discovery depositions of the State's witnesses named on the back of the indictments, under Chapter 54, Acts of 1959 (T.C.A. Supp. sec. 24-1201 et seq.), and had these witnesses subpoenaed for that day.

On June 3, the State, by its District Attorney General, moved the Trial Court for an order that such depositions not be taken, because petitioner had no right to take them. On a hearing June 3, the Trial Court held the discovery statute applies only to civil suits, not to criminal prosecutions, and sustained the State's motion, and entered an order accordingly.

Petitioner, on June 9, presented to this Court his petition for the writ of certiorari, to review and reverse that order, upon the allegation that in entering the order the Trial Court "exceeded its jurisdiction," "acted illegally," and "there is no other plain, speedy, or adequate remedy" for its correction. A member of the Court granted the writ and set the case down for hearing before the Court.

The State, by its Attorney General, moved the Court to dismiss the writ, upon two grounds: (1) that the writ of certiorari does not lie in such a case as this; and (2) that, in any event, the Trial Court was correct in holding the discovery statute does not apply to criminal prosecutions, and in entering the order complained of.

The case has been heard upon the petition, the motion to dismiss, briefs and oral arguments. Counsel have debated two questions: (1) whether the writ of certiorari lies to review such an order as this; and (2) whether upon a proper construction the discovery statute applies to criminal prosecutions and enables defendants to require pre-trial discovery of the State's proof.

In the view we take of this case, it is determined by the answer to the first question and we do not reach the second. We think the State's motion to dismiss must be sustained, because the writ of certiorari does not lie to

review such an interlocutory order as the one here sought to be reviewed.

■ The Court's supervisory jurisdiction by certiorari must not be confused with its ordinary appellate jurisdiction. Nor must the distinction be overlooked between the common-law writ of certiorari, now put in form of a statute (T.C.A. sec. 27-801), and the statutory writ, or certiorari in lieu of an appeal (T.C.A. sec. 27-802). *State ex rel McMorrow v. Hunt,* 137 Tenn. 243, 251, 192 S.W. 931, 933; *Helton v. State,* 194 Tenn. 299, 301, 305, 250 S.W. 2d 540, 541, 542; *Hoover Motor Exp. Co. v. Railroad & Public Utilities Commission,* 195 Tenn. 593, 600, 604, 261 S.W.2d 233.

■ The common-law writ of certiorari, the writ here sought, may be granted ''in all cases where an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the court, there is no other plain, speedy, or adequate remedy'' (T.C.A. sec. 27-801).

The phrase ''exceeded the jurisdiction conferred,'' and the phrase ''acting illegally,'' both refer to action by such inferior tribunal beyond, not within, its jurisdiction. Referring to the phrase ''acting illegally,'' this Court, in the Hunt case, supra, said:

''Without undertaking to define that phrase of the statute with exactness or to say what it includes, we think it clear that the common-law writ, as distinguished from the statutory writ, or *certiorari* in lieu of appeal, may not be resorted to for the correction of technical or formal errors, not affecting jurisdiction or power, or for the correction of defects that are not

radical, amounting to an illegality that is fundamental, as distinguished from an irregularity.''

In that case it was further said, referring to the common-law writ of certiorari: ''The writ *has never been employed to inquire into the correctness of the judgment rendered where the court had jurisdiction, and* was therefore competent * * *''.   (Italics ours.) 137 Tenn. 250, 1952 S.W. 933.

We think this is a correct statement of the law.   We have been unable to find any case, and think none can be found, in this state, where the common-law writ of certiorari has been granted to review or correct a lower court's interlocutory order which was within such court's jurisdiction but was merely an erroneous exercise of that jurisdiction.

So, we think the common-law writ of certiorari, the writ here sought, does not lie to review such an interlocutory order as the one here complained of.   The Criminal Court undoubtedly had jurisdiction generally of the subject matter of these indictments, and jurisdiction to entertain the State's motion, construe the discovery statute, and enter this interlocutory order.

If the Trial Judge erred in this matter, it was merely an error in the exercise of his jurisdiction, and may properly await review and correction if petitioner should finally be convicted and should appeal therefrom.   This conclusion is supported by numerous decisions of this Court.   We here cite a few of them.

In *Helton v. State*, supra, it was held that the common-law writ of certiorari did not lie to review an order of the Criminal Court overruling defendant's plea of former jeopardy, since the Trial Judge had jurisdiction to rule

on such plea and any error he may have made in such ruling would be reviewable on appeal or writ of error if defendant should be finally convicted. That case contains a full review by Mr. Justice Burnett of the authorities, both in this state and in other jurisdictions, and we could not add anything to what is there said.

In *Allen v. State,* 194 Tenn. 296, 250 S.W.2d 539, it was held that where there has been no final determination of a criminal case, an appeal by defendant would not lie from an interlocutory order of the Trial Judge striking defendant's pleas of former suit pending, former judgment, and former jeopardy.

In *Gilbreath v. Ferguson,* 195 Tenn. 528, 260 S.W.2d 276, it was held that petition for writs of certiorari and supersedeas would not lie to review a trial judge's interlocutory order citing petitioner, a judge of General Sessions Court, for contempt, because there had been no final judgment of contempt and in the event such judgment should be entered it could await correction by appeal or writ of error.

In *Jones v. State,* 206 Tenn. 245, 332 S.W.2d 662, it was held that Jones, defendant in a criminal case, had no right to appeal from an interlocutory order overruling his demurrer to the indictment, and no right to have such order reviewed by certiorari. In that case, Mr. Justice Swepston, for the Court, said:

"We can not entertain piecemeal appeals (*Allen v. State,* 194 Tenn. 296, 250 S.W.2d 539), nor petitions for certiorari as to interlocutory matters, except in rare instances where certiorari will lie; this is not one of those situations" (332 S.W.2d 668).

For these reasons, the State's motion to dismiss the writ of certiorari heretofore granted is sustained, and this case will be remanded to the Criminal Court of Davidson County for further appropriate proceedings. The costs incident to the petition for certiorari are adjudged against petitioner.