Billy **HULL**, Petitioner,

v.

**STATE of Tennessee, Respondent.**

Court of Criminal Appeals of Tennessee.

Aug. 10, 1976.

Certiorari Denied by Supreme Court
Nov. 1, 1976.

Jerry H. Summers, Chattanooga, for petitioner.

R. A. Ashley, Jr., Atty. Gen., David L. Raybin, Asst. Atty. Gen., Nashville, Gary D. Gerbitz, Dist. Atty. Gen., Chattanooga, for respondent.

OPINION

DUNCAN, Judge.

The petitioner, Billy Hull, has filed a petition for writ of certiorari requesting this Court to review the trial judge's denial of his motion to allow more than two sureties to execute a $50,000.00 appeal bond in his case.

The petitioner was indicted by the Hamilton County Grand Jury for murder and accessory before the fact to murder on October 29, 1975, and surrendered to the authorities on October 30, 1975. He was initially denied bond, but after a ruling by a panel of this Court on November 24, 1975, authorizing bond, the trial court, on motions of the petitioner, set an appearance bond at $25,000.00, and allowed the bond to be executed by more than two sureties, which is sometimes referred to as "stacking" of bonds. On April 24, 1976, petitioner was convicted of accessory before the fact to murder in the first degree and received a penitentiary sentence of 20 years and 1 day. The trial court set an appeal bond in the amount of $50,000. On June 4, 1976, the trial court denied the petitioner's motion to again allow "stacking" of appearance bonds by sureties.

It appears that the criminal courts in Hamilton County, by rule or practice, restrict professional bonding companies from executing appearance bonds in excess of $10,000.00, and that "stacking" of appearance bonds is not permitted except by specific order of the trial court.

As a basic proposition, we see nothing inherently wrong with these bond procedures utilized by the Hamilton County Criminal Courts. A trial court has full authority to determine who should be allowed to make bonds in its court. *Gilbreath v. Ferguson*, 195 Tenn. 528, 260 S.W.2d 276 (1953). Also, it is the trial court's function to regulate the professional bondsmen that execute bonds in its court, and it may impose reasonable limitations on the total liability of such bondsmen's undertakings in that court. T.C.A. §§ 40–1405, 40–1406. Further, a trial court has the inherent power to administer its affairs, including the right to impose reasonable regulations regarding the making of bonds. *Taylor v. Waddey*, 206 Tenn. 497, 334 S.W.2d 733 (1960).

We are in full agreement with these basic principles of law; however, in matters of the kind before us, each case must be reviewed in light of its own facts. We draw attention to T.C.A. § 40–1214, which provides:

"Bail, when not taken in open court, is given by a written undertaking, signed by the defendant and at least two (2) sufficient sureties, and approved by the magistrate or officer."

Further, T.C.A. § 40–1219 allows more than two sureties to execute a bond. This section provides:

"Each of the sureties shall be worth the amount expressed in the undertaking, subject to execution; but the court, magistrate, or officer in taking bail, may allow more than two (2) sureties to justify severally in amounts less than that expressed in the undertaking, if the whole qualification be equivalent to two (2) sufficient sureties."

T.C.A. § 40–1204 authorizes the trial judge to admit a convicted defendant to bail upon appeal; however, under T.C.A. § 40–3406, it is in the trial judge's discretion as to whether he will allow bail pending appeal. Where, as here, the trial judge has decided that an appeal bond would be in order and has set it, then in the absence of adequate and justifiable reasons expressed

in the court's order to show otherwise, we are of the opinion that the provisions of T.C.A. § 40–1219—allowing more than two sureties to execute the bond—should apply.

In the trial court's order overruling the petitioner's motion to allow more than two sureties to individually secure portions of the specified amount of the bond, no reason is given for such denial, except that the defendant, upon conviction, was no longer "clothed with the presumption of innocence." We do not think this is a sufficient reason, for if it were the only rule to be applied, then no convicted defendant could ever be aided by the provisions of T.C.A. § 40–1219. Any hard and fast rule that would prevent more than two sureties from assuming the obligation of a bond in an amount equivalent to two sureties would, in some cases, result in a denial of bond.

The State argues that a surety who assumes responsibility for only a portion of the total bond would not have as great an incentive to insure a defendant's presence in court, as he would had he assumed full responsibility for the total bond. This argument, however, is countered by the fact that the more sureties there are on a bond, the more persons there are available to insure that a defendant does not flee, or if he should flee, there would be more persons available to aid in his apprehension.

In the present case, the trial court ruled that the petitioner was entitled to an appeal bond and set it at $50,000.00, but would not permit the "stacking" of bonds. Under the facts of this case, we find no adequate and justifiable reasons why petitioner's appeal bond should not be secured by more than two sureties; therefore, we hold that more than two sureties may execute the petitioner's bond severally in amounts less than the total undertaking expressed, provided the whole qualification be equivalent to two sufficient sureties, all in accordance with the provisions of T.C.A. § 40–1219.

To the extent expressed herein, the petition is sustained. Judge Lockard, member of this panel, did not participate in this decision.

BYERS, J., concurs.