# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

**JUNE SESSION, 1997**

FILED

September 30, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **C.C.A. NO. 01C01-9608-CR-00348** |
| | ) | |
| Appellee, | ) | **DAVIDSON COUNTY** |
| | ) | |
| | ) | **HON. J. RANDALL WYATT, JR.,** |
| **V.** | ) | **JUDGE** |
| | ) | |
| **AAA AARON'S ACTION AGENCY,** | ) | **(PETITION FOR COURT** |
| | ) | **APPROVAL TO WRITE** |
| Appellant. | ) | **BAIL BONDS)** |

FOR THE APPELLANT:                    FOR THE APPELLEE:

**THOMAS L. WHITESIDE**                **JOHN KNOX WALKUP**
Attorney at Law                        Attorney General & Reporter
172 Second Avenue North
Suite 214                              **KATHY A. MORANTE**
Nashville, TN 37201-1908               Assistant Attorney General
                                       2nd Floor, Cordell Hull Building
                                       425 Fifth Avenue North
                                       Nashville, TN 37243

                                       **VICTOR S. JOHNSON, III**
                                       District Attorney General

                                       **DAN HAMM**
                                       Assistant District Attorney General
                                       200 Washington Square
                                       222 Second Avenue North
                                       Suite 500
                                       Nashville, TN 37201-1649

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

aaronaaa.opn

# <u>OPINION</u>

AAA Aaron's Action Agency appeals as of right from the Davidson County Criminal Court's "Order Granting Approval to Write Bonds under Specific Conditions." The Appellant argues one issue in this appeal: Whether the Davidson County Criminal Court, sitting <u>en</u> <u>banc</u>, was arbitrary and capricious in imposing a requirement that Appellant post either a Deed of Trust to unencumbered real estate located in Nashville, Davidson County, Tennessee, or cash, certificate of deposit, letter of credit, or other liquid assets before authorizing Appellant to perform as a professional bondsman. We affirm the judgment of the trial court.

The trial court's order reads as follows:

The petitioners propose to pledge the assets of American Banker's Insurance Company of Florida, the assets of which are located outside the State of Tennessee, as surety to the Court on bonds which are written by AAA Aaron's Action Agency Bail Bond, Inc. under a qualifying power of attorney issued by American Bankers.

The Court recognizes that the petitioners have complied with the requirements and conditions of doing business as a surety company authorized to execute bonds as set out by the Tennessee Department of Commerce and Insurance Statute at T.C.A. § 56-15-101, et. seq., particularly T.C.A. § 56-15-105. The Court notes, however, that pursuant to T.C.A. § 40-11-302(b) professional bail bondsman, as defined at T.C.A. § 40-11-301, are excluded from the laws governing insurance companies and any regulation by the Tennessee Department of Commerce and Insurance.

T.C.A. § 40-11-124(a) and Rule 35 of the Davidson County Local Rules of Practice grant this Court authority to determine which bonding companies shall be qualified and approved to write bonds in this county subject to compliance with the requirements and regulations set forth by the Court.

In its Order of October 27, 1982, in the case of <u>State of Tennessee v. Athens Bonding Company, et al</u>, No. 951, the Court determined that the bonding capacity for a bonding company shall be calculated yearly as the sum of A.) the current tax assessor's valuation of pledged property, multiplied by four (4); and B.) cash pledged, multiplied by eight (8). The bonding capacity represents the dollar limit of all bonds that a bonding company may properly have pending at one time.

In the case of <u>In re: Indemnity Insurance Company of North America</u>, the Tennessee Supreme Court recognized that, even though an insurance company has complied with statutes requiring posting of assets with the Department of Insurance, there is "legal authority of local courts to require posting of additional assets to secure bail bond obligations of any professional bondsman, insurance carrier or otherwise." 594 S.W.2d 705 at 708 (Tenn. 1980).

It is therefore, ORDERED, ADJUDGED, and DECREED that upon delivery to the Clerk of the Criminal Court of either a deed of trust to unencumbered real estate located in Davidson County, or cash, certificate of deposit, letter of credit or other liquid assets, petitioners shall be authorized and approved to write bail bonds for the General Sessions and Criminal Court of Davidson County, Tennessee, in accordance with the bonding capacity described above.

We find that the trial court's judgment is not arbitrary and capricious.

American Bankers Insurance Company of Florida has given Appellant a power of attorney and has agreed to guarantee performance on bonds undertaken by the Appellant up to $500,000. The Appellant has been approved as bail bondsman in thirteen counties and the Federal courts in Nashville. American Bankers Insurance Company has complied with the requirements for doing business in Tennessee. An insurance company which

deals in the areas that American Bankers deals in must have $200,000 of surety on deposit. Tenn. Code Ann. § 56-2-104. This money is on deposit in Florida.

The Appellant argues that the Davidson County Criminal Court's order is contrary to this court's ruling in the case of In re Dale R. Kelley, C.C.A. No. 5, Henderson County (Tenn. Crim. App., Jackson, Apr. 4, 1990), (no Rule 11 application filed). However, in that case, our court held that the Henderson County Circuit Court's policy limiting the bail bond profession to state approved insurance companies is arbitrary. The Davison County Criminal Court relied upon its en banc order of October 1982 wherein all bonding companies (defined as any entity or individual engaged in the business of securing appearance bonds in the various courts of Davidson County) must comply with the bonding capacity described in the order appealed from in the case sub judice. In other words, this court cannot discern that the Criminal Court of Davidson County is treating Appellant any differently than any other petitioner seeking to be approved to write bail bonds under similar circumstances.

This court more recently held in In re Hitt, 910 S.W.2d 900 (Tenn. Crim. App. 1995) as follows:

> A trial court has full authority to determine who should be allowed to make bonds in its court. Gilbreath v. Ferguson, 195 Tenn. 528, 260 S.W.2d 276 (1953). . . . Further, a trial court has the inherent power to administer its affairs, including the right to impose reasonable regulations regarding the making of bonds. Taylor v. Waddey, 206 Tenn. 497, 334 S.W.2d 733 (1960).

Id. at 903-04 (quoting Hull v. State, 543 S.W.2d 611, 612 (Tenn. Crim. App. 1976).

The trial court was concerned about collecting in the event of a final forfeiture if the insurance company stopped doing business in Tennessee or went out of business. We conclude that this is a valid concern on the part of the trial court. Therefore, the requirement of a deed of trust or cash, certificate of deposit, letter of credit, or other liquid assets to be held by the Criminal Court is not arbitrary and capricious. Because of the sound reasoning set out above in the trial court's order, we find that the trial court's judgment is not arbitrary and capricious.

The judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, Judge

CONCUR:

_____
JOSEPH B. JONES, Presiding Judge

_____
WILLIAM M. BARKER, Judge