# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### November 10, 2009 Session

## IN RE: TYRONE A. BYRD, D/B/A A ALPHA BAIL BOND AGENCY v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Fayette County**
**No. 2902     J. Weber McCraw, Judge**

---

**No. W2009-01257-CCA-R3-CD  - Filed January 15, 2010**

---

The appellant, Tyrone A. Byrd, acting *pro se*, appeals from an order revoking his right to issue bail bonds in the Twenty-Fifth Judicial District.  On appeal, he argues that the trial court erred in suspending his right to issue bonds.  After careful review, we affirm the order from the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and J.C. MCLIN, JJ., joined.

Tyrone A. Byrd, Jackson, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Senior Counsel; and D. Michael Dunavant, District Attorney General, for the appellee, State of Tennessee.

## OPINION

The appellant, the owner of A Alpha Bail Bond Agency, has submitted an affidavit in which he alleges that he has not violated any of the laws that govern the issuance of bail bonds.  The record before this court is extremely limited but does include a May 28, 2009, order in which the trial court found that "Mr. Byrd had sufficient knowledge of unpaid taxes, that Mr. Byrd did not properly include his unpaid taxes as a liability, that Mr. Byrd has tried to mislead this [c]ourt, and that Mr. Byrd is not a credible witness."  Based upon this finding, the trial court prohibited the appellant from issuing bonds in the Twenty-Fifth Judicial District.

We note that there was no transcript filed with this court of the events from the trial court. However, the appellant did include several years of accounting statements in the record, including documents from Allegheny Casual International Fidelity Insurance Company reflecting an agreement that the insurance company would act as surety to bonds issued by the appellant, not to exceed $150,000 on any bond. Also included is a letter from the insurance company to the trial court dated May 7, 2009, that states:

> Let it be known that bail bond agent Tyron (sic) Byrd, owner of A Alpha Bonding Agency and all agents thereof are in good standings with International Fidelity Insurance Company and have the full backing of said surety to post bail bonds in the state and counties of Tennessee. Mr. Byrd has personally been appointed with International Fidelity Insurance Company since the 1970's and has had a direct contract with us since 1998.
>
> . . . .

The State contends that the appellant has waived his right to review of this issue because he failed to provide a complete record to this court. It is the duty of the accused to provide a record which conveys a fair, accurate, and complete account of what transpired with regard to the issues forming the basis of the appeal. Tenn. R. App. P. 24(b); *see State v. Taylor,* 992 S.W.2d 941, 944 (Tenn. 1999). We agree that the appellant's failure to include a complete transcript of the proceedings forming the basis of the appeal results in a waiver to any challenge of the lower court's rulings. *State v. Ballard,* 855 S.W.2d 557, 560-61 (Tenn. 1993).

Nevertheless, we conclude that even if the issue was reviewed, the appellant would not be entitled to relief. A trial court has full authority to determine who should be allowed to make bonds in its court. *Gilbreath v. Ferguson,* 195 Tenn. 528, 260 S.W.2d 276 (1953). It is the trial court's function to regulate the professional bondsmen executing bonds in its court, and it may impose reasonable limitations on the total liability of such bondsmen's undertakings in that court. T. C. A. § 40-11-301 -306 (2009). "A trial court has the inherent power to administer its affairs, including the right to impose reasonable regulations regarding the making of bonds." *Hull v. State*, 543 S.W.2d 611, 612 (Tenn. Crim. App. 1976) (citing *Taylor v. Waddey*, 206 Tenn. 497, 334 S.W.2d 733 (1960)). A trial court is given wide discretion in its regulation of bail bondsmen, and its actions will not be overturned absent a showing that they were arbitrary, capricious, or illegal. *Taylor,* 334 S.W.2d at 736.

The appellant contends on appeal that the trial court erred in finding that he had violated Tennessee Code Annotated section 40-11-125(a), which provides in relevant part that "approval of a professional bondsman or other surety may be withheld, withdrawn or

suspended by any court if, after investigation, it appears that a bondsman . . . [h]as been guilty of violating any of the laws of this State relating to bail bonds." T.C.A. § 40-11-125(a)(1) (2009). The trial court concluded that the defendant had violated this subsection based upon its conclusion that the defendant had violated Tennessee Code Annotated section 40-11-306, which is a separate statute, requiring an accurate report of financial obligations. That statute provides:

If, after its investigation, the court finds that the bondsman:

(1)    Is insolvent;
(2)    Is not financially able to discharge the obligations of the bondsman's liabilities as surety;
(3)    Has failed, refused or neglected to make the semiannual reports of assets and liabilities as required in § 40-11-303;
(4)    Has made and filed false semiannual reports; or
(5)    Has failed to furnish the court with information touching upon solvency, when called for;
then the court may order that the bondsman be prohibited from executing bonds, bail or other undertakings as surety in the court until the court becomes satisfied that the bondsman has complied with the provisions of this part or the orders of the court, or that the bondsman is again financially solvent, and the court shall impose any other reasonable limitation on the total liability of the bondsman's undertakings in the court.

T.C.A. § 40-11-306 (2009).

Here, the trial court found that the appellant had an unreported tax liability in the form of a tax lien in the amount of $26,869.35. The appellant also reported an asset of an investment of $496,000, which he later acknowledged was incorrect but asserted he had no knowledge of how that asset made its way to his financial statement. The trial court order entered May 29, 2009, reflects that the trial court questioned the appellant regarding the tax lien. The order states that the appellant testified that he had no notice of a tax lien, but the court determined after questioning that he had sufficient knowledge of the lien. Thus, the trial court properly found that the defendant failed to comply with the reporting requirements of Tennessee Code Annotated section 40-11-306(4), and that constituted a failure to comply with the laws regulating bonding companies, pursuant to Tennessee Code Annotated section 40-11-125(a)(1). Accordingly, the trial court's holding cannot be found to be "arbitrary, capricious or illegal." *See Taylor,* 334 S.W.2d at 736.

The trial court held that the appellant tried to mislead the court and did not find him to be credible. This finding is within the trial court's "full authority to determine who should be allowed to make bonds in its court," *Gilbreath,* 260 S.W.2d at 278. The appellant is not entitled to relief.

The appellant made the decision to pursue this issue without the assistance of counsel. The right to represent oneself exists "despite the fact that its exercise will almost surely result in detriment to both the defendant and the administration of justice." *See State v. Fritz,* 21 Wash. App. 354, 585 P.2d 173 (Wash. Ct. App. 1978). It is the duty of the appellant to provide a record which conveys a fair, accurate, and complete account of what transpired with regard to the issues which form the basis of the appeal . Tenn. R. App. P. 24(b). The *pro se* defendant did not include a complete record by failing to include a transcript of the underlying proceedings, and the decision to represent himself has resulted in detriment to the defendant.

Conclusion

Based on the foregoing and the record as a whole, the decision of the trial court is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE