IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 1, 2002

## IN RE: ALPHA OMEGA BAIL BONDING COMPANY

**Appeal from the Criminal Court for Shelby County**
**No. P-25923    EN BANC**

---

**No. W2002-00021-CCA-R3-CD  - Filed December 6, 2002**

---

The Appellant, Alpha Omega Bail Bonding Company, is in the business of writing bail bonds.  The Appellant was obligated on bonds with AmWest and Far West insurance companies as sureties.  Due to the insolvency of AmWest and Far West, the Criminal Court for Shelby County en banc, ordered the Appellant, among others, to appear before the court and present proof that it had sufficient assets to cover its liabilities on the bonds that were insured by AmWest and Far West.  After a hearing, the trial court ordered the Appellant to cause to be re-written each bond that it had written that was secured by AmWest or Far West.  It is from this order that the Appellant appeals as of right.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Judge Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., J., joined.  ALAN E. GLENN, J., not participating.

Charles D. Wright, Memphis, Tennessee, for the appellant, Alpha Omega Bail Bond Company.

Paul G. Summers, Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; William L. Gibbons, District Attorney General; and Kenneth R. Roach, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Appellant, Alpha Omega Bail Bonding Company, is in the business of writing bail bonds.  AmWest and Far West insurance companies appeared as sureties on several of the Appellant's bonds.  The Criminal Court of Shelby County learned that the bail bonds written through Far West and AmWest would be cancelled due to the insolvency and liquidation of the two insurance companies.  Therefore the court ordered each of the bonding companies that were obligated on bonds on which AmWest and Far West appeared as sureties, including the Appellant, to appear before the court and present proof that they had sufficient assets to cover the extent of their liabilities on the

bonds. After a hearing, the court, sitting en banc, ordered the Appellant and the other bonding companies to re-write each bond that was secured by AmWest or Far West within sixty days. It is from this order that the Appellant appeals as of right.

In its brief, Alpha Omega alleges that the trial court exceeded its authority by ordering it to re-write the bail bonds that were secured by the two insolvent and subsequently liquidated insurance companies. We note at the outset that the Appellant's brief is inadequate. The brief of an appellant shall contain "citations to the authorities and appropriate references to the record." Tenn. R. App. P. 27(a)(7). "Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court." Tenn. R. Crim. App. 10(b). The Appellant fails to cite a single case, statute, rule or regulation in support of its argument. Likewise, the Appellant neglects to refer to the record even once throughout the entire brief. Because the Appellant cites no authority to support its argument, we assume it found none. However, rather than treat the issue as waived, we will dispose of the Appellant's argument on its merits.

"A trial court has full authority to determine who should be allowed to make bonds in its court." Hull v. State, 543 S.W.2d 611, 612 (Tenn. Crim. App. 1976) (citing Gilbreath v. Ferguson, 195 Tenn. 528, 260 S.W.2d 276 (1953)); see also Tenn. Code Ann. §§ 40-11-305, -306. In addition,

> it is the trial court's function to regulate the professional bondsmen that execute bonds in its court, and it may impose reasonable limitations on the total liability of such bondsmen's undertakings in that court. Further, a trial court has the inherent power to administer its affairs, including the right to impose reasonable regulations regarding the making of bonds.

Hull at 612 (citations omitted). The fact that the legislature has enacted certain statutes concerning the regulation of bail bondsmen does nothing to diminish the trial court's inherent powers of regulation to act in addition to the statutes. See Taylor v. Waddey, 206 Tenn. 497, 504, 334 S.W.2d 733, 736 (1960). Therefore, "the trial court is given wide discretion in its regulation of bail bondsmen and its actions will not be overturned absent a showing that they were arbitrary, capricious or illegal." In re International Fid. Ins. Co., 989 S.W.2d 726, 728 (Tenn. Crim. App. 1998).

In this case, the criminal court of Shelby County, sitting en banc, was well within its discretion in ordering the Appellant to re-write the bonds on which Far West and AmWest were insurers. The record reflects that the Appellant has almost 3.5 million dollars in liability in Shelby County. Lodean Glenn, the owner of the Appellant company, admitted to the trial court that Alpha Omega did not have sufficient assets to cover its exposure. Furthermore, Mr. Glenn stated that he was willing to have his bonds re-written. The record contains an affidavit from the executive vice president of American Safety Casualty Insurance Company, which already underwrites bail bonds for the Appellant. The affidavit expresses American Safety's willingness to re-write bonds for the Appellant that had previously been secured by AmWest and Far West. Based on our review of the record, we conclude that the trial court did not abuse its discretion by ordering the Appellant to have

the bonds so re-written. The trial court has a duty to ensure that the bail bondsmen who appear before it are able to cover their liabilities. By ordering the bonds to be re-written, the court was fulfilling its duty.

The judgment of the Criminal Court of Shelby County is affirmed.

_____
DAVID H. WELLES, JUDGE