IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
November 14, 2018 Session

**IN RE: CUMBERLAND BAIL BONDING**

**Appeal from the Circuit Court for Van Buren County**
**No. 88CC1-2008-CV-1383       Larry B. Stanley, Jr., Judge**

_____

**No. M2017-02172-CCA-R3-CD**
_____

The Appellant, Cumberland Bail Bonding, argues that the trial court erred in suspending its bonding privileges due to a violation of Rule 26.05(B) of the Local Rules of the Thirty-First Judicial District, a rule requiring a bonding agent to be present for a defendant's court appearance. After review, we reverse the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and NORMA MCGEE OGLE, J., joined.

William A. Lockhart, Manchester, Tennessee, for the appellant, Cumberland Bail Bonding (Ooltewah).

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Counsel; Lisa Zavogiannis, District Attorney General.

**OPINION**

**FACTS**

Two defendants, Forest Mathias and Danny Ray Smith, failed to appear for a court appearance on September 25, 2017. The Appellant, their surety, also failed to appear at the hearing. The Van Buren County Circuit Court suspended the Appellant's bonding privileges because the Appellant "failed to have an agent in court on that date and also failed to have either defendant in court" in violation of Rule 26.05(B) of the Local Rules of the Thirty-First Judicial District. The court put the Appellant on notice that its bonding privileges were suspended "until a hearing in front of this Court." The record indicates that the Appellant filed a motion to have its bonding privileges reinstated, but

the motion was not included in the record. However, the trial court's order denying the motion reflects that the motion was heard on October 11, 2017. The court denied the motion for reinstatement "based upon the original order entered by the Court on September 26, 2017, the motion to be reinstated, argument of counsel," and the Appellant's violation of Local Rule 26.05(B).

## ANALYSIS

The Appellant does not deny that it failed to comply with the local rule. Instead, it asserts that Local Rule 26.05(B) is "arbitrary and capricious and also in conflict with statutory law and therefore is unenforceable." Specifically, the Appellant contends that the rule serves no legitimate purpose because there are procedures already in place to address situations where a defendant fails to appear, and Tennessee statutory law does not require bonding agents to be present for a defendant's court appearance. We review the trial court's suspension of a bonding company de novo. Tenn. Code Ann. § 40-11-125(d).

Tennessee Code Annotated section 40-11-125(a) provides that a professional bondsmen's approval to write bonds may be withheld, withdrawn, or suspended if, after investigation, it appears that the bondsman:

(1) Has been guilty of violating any of the laws of this state relating to bail bonds;

(2) Has a final judgment of forfeiture entered against the bondsman which remains unsatisfied;

(3) Is guilty of professional misconduct as described in § 40-11-126; or

(4) If applying for approval as a professional bondsman, has been convicted in any state of the United States of two (2) or more misdemeanors which are equivalent to Tennessee Class A or Class B misdemeanors; provided, however, that the misdemeanor convictions shall have occurred within five (5) years of the date the application for approval is filed.

Tenn. Code Ann. § 40-11-125(a).

If a bondsman's ability to write bonds is withheld, withdrawn, or suspended due to a violation of Tennessee Code Annotated section 40-11-125(a), then the trial court must provide the bondsman written notice and a hearing in accordance with Tennessee Code Annotated section 40-11-125(b), which states:

(b) Any court withholding, withdrawing or suspending a bondsman or other surety under this section shall notify the bondsman in writing of the action taken, accompanied by a copy of the charges resulting in the court's action. If, within twenty (20) days after notice, the bail bondsman or surety files a written answer denying the charges or setting forth extenuating circumstances, the court shall call a hearing within a reasonable time for the purpose of taking testimony and evidence on any issues of fact made by the charges and answer. The court shall give notice to the bail bondsman, or to the insurer represented by the bondsman, of the time and place of the hearing. The parties shall have the right to produce witnesses, and to appear personally with or without representation by counsel. If, upon a hearing, the court determines that the bail bondsman is guilty as alleged in the charges, the court shall thereupon withhold, withdraw or suspend the bondsman from the approved list, or suspend the bondsman for a definite period of time to be fixed in the order of suspension.

Tenn. Code Ann. § 40-11-125(b).

"[A] trial court has the inherent power to administer its affairs, including the right to impose reasonable regulations regarding the making of bonds." Hull v. State, 543 S.W.2d 611, 612 (Tenn. Crim. App. 1976) (citing Taylor v. Waddey, 334 S.W.2d 733 (Tenn. 1960)); see In re Hitt, 910 S.W.2d 900, 904 (Tenn. Crim. App. 1995). "'A trial court has full authority to determine who should be allowed to make bonds in its court.'" In re A Way Out Bonding, No. M2012-00423-CCA-R3-CO, 2013 WL 2325276, at *2 (Tenn. Crim. App. May 28, 2013) (quoting In Re: Tyrone A. Byrd v. State, No. W2009-01257-CCA-R3-CD, 2010 WL 161500, at *1 (Tenn. Crim. App. Jan. 15, 2010)). "A trial court is given wide discretion in its regulation of bail bondsmen, and its actions will not be overturned absent a showing that they were arbitrary, capricious, or illegal." Memphis Bonding Company, Inc. v. Criminal Court of Tennessee 30th District, et al., 490 S.W.3d 458, 463 (Tenn. Crim. App. 2015) (citations omitted). Local rules are authorized under Tennessee Supreme Court Rule 18, and the Legislature's enactment of statutes addressing bonding does not remove the trial court's inherent powers of regulation. In re Hitt, 910 S.W.2d at 904; see also In re International Fidelity Insurance Company, 989 S.W.2d 726, 728 (Tenn. Crim. App. 1998). However, local rules may not be inconsistent with statutory law or rules promulgated by a higher court. See Tenn. Code Ann. § 16-3-407; Tenn. R. Sup. Ct. 18.

Local Rule 26.05(B) proscribes that "[a] bonding company shall notify the defendant/principal of each court appearance. An agent of the bonding company shall be present for the defendant's court appearance."

We note that the local rule at issue is a two-part rule. We conclude that the first part of the rule is sound and does not conflict in any way with statutory law. However, it is our view that the second part of the local rule at issue is arbitrary, capricious, and illegal. Because the first part of the rule requires that the bonding company give notice to the defendant of an upcoming court appearance, the second part of the rule appears to be redundant and places an additional burden on the bonding company as the bonding company would have presumably notified the defendant of his or her court appearance, and it is not apparent why the bonding company's presence should also be required. We, therefore, reverse the trial court's suspension of the Appellant bonding company for violation of Local Rule 26.05(B).

## CONCLUSION

Based on the foregoing authorities and reasoning, we reverse the judgment of the trial court.

_____
ALAN E. GLENN, JUDGE