IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

APRIL 1997 SESSION

FILED

September 10, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

|  |  |  |
|---|---|---|
|  | ) | C.C.A. No. 03C01-9610-CR-00360 |
|  | ) |  |
|  | ) | LOUDON COUNTY |
|  | ) |  |
| IN RE: | ) | HON. E. EUGENE EBLEN, JUDGE |
| INTERNATIONAL FIDELITY | ) |  |
| INSURANCE COMPANY | ) |  |
|  | ) |  |
|  | ) |  |

FOR THE APPELLANT:

JOHN K. KING
ALAN M. PARKER
P. O. BOX 2425
Knoxville, TN 38901

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

MICHAEL J. FAHEY, II
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

CHARLES E. HAWK
District Attorney General

FRANK A. HARVEY
Assistant District Attorney General
P. O. BOX 703
Kingston, TN 37763-0703

OPINION FILED: _____

REVERSED AND REMANDED

CHRIS CRAFT,
SPECIAL JUDGE

**O P I N I O N**

International Fidelity Insurance Company appeals as of right the entry of an order summarily denying it permission to underwrite bail bonds in Loudon County due to its failure to deposit funds with the Loudon County Court Clerk pursuant to a local rule of court. Appellant presents two issues for our review: (1) whether the State Commissioner of the Department of Commerce and Insurance is mandated by statute to be the regulating authority of insurance companies doing business in Tennessee, thus preempting the authority of the local courts, and (2) whether a local court has the authority to require additional local cash deposits over and above the $100,000 required by statute to be made to the state, even though the insurance company is found to be solvent and otherwise qualified by the State Commissioner of the Department of Commerce and Insurance to do business in the courts of this state. For the reasons stated in this opinion, we set aside the order of the trial court denying the petition and remand this cause for a hearing on the merits.

## THE HEARING ON THE PETITION

Appellant insurance company filed a petition in Loudon County to qualify as a bail bondsman through its exclusive authorized agency, Sanford and Sons Bail Bonds, Inc. On the date of the hearing on the petition, counsel for the insurance company indicated by way of an opening statement that the company had filed a proper petition, with affidavits in support, and that the state had filed no opposition to its request. Therefore, since the company was qualified by the Commissioner of Commerce and Insurance to do business underwriting bail bondsmen in the State of Tennessee, appellant asked the Court to grant the petition. In addition to its affidavits, the company had witnesses present and ready to testify if either the state or the trial court had any question as to solvency. The state responded that it did not question the solvency of the company, but did have doubts about the fitness of Mr. Hite J. Sanford, Jr., owner of Sanford and Sons Bail Bonds, Inc., and produced a certified copy of a court order from Blount County Circuit Court indicating that Mr. Sanford had made illegal payoffs to the sheriff of Blount County in order to make bonds. The trial judge then asked appellant, *sua sponte*,

2

THE COURT: Is Mr. Sanford in a position to post the $50,000 cash for the first county and 25 cash with the clerk for each adjoining county?

MR. PARKER: Your Honor, we'd like to make clear that the bonds that are underwritten through Sanford --

THE COURT: That is not my question. Answer my question and then you can explain anything you want to answer. These are not under oath, but we'll proceed that way.

MR. PARKER: Well, Your Honor, we don't think that such a requirement should be placed upon International Fidelity who actually issues the bonds. The bonds in this case are --

THE COURT: You do realize that is part of the rules of this district, and all the other bonding companies have posted their money?

MR. PARKER: Your Honor, I take it that you say that is the rule and --

THE COURT: Those rules are on record in all the clerks' offices.

MR. PARKER: Your Honor, our position is that that rule shouldn't apply to a corporate surety that is regulated by the Department of Commerce and Insurance that has met all the requirements of the State of Tennessee that has made deposits.

THE COURT: Still haven't answered my question.

MR. KING: And the question was, Your Honor?

THE COURT: Is Mr. Sanford, Sanford & Sons Bonding Company, prepared to post $50,000 for the first county and 25 for each adjoining county he wishes to bond in?

MR. KING: No, Your Honor. It's our position that he should not be required to do so.

THE COURT: The Court will have [the Blount County order regarding Mr. Sandford] marked as an exhibit, and we'll take the case under advisement, and we'll note -- give you notice sometime during the January [term].

MR. KING: Does Your Honor want to hear any proof with regard to the issue of solvency of the applicant, the petitioner in this case?

THE COURT: I think that the insurance company is solvent.

MR. KING: So can we have then, Your Honor, the essence of finding by the Court that International Fidelity Insurance Company meets all the solvency requirements and do I understand then that there is --

THE COURT: No. You can't have such a finding.

To make a record, appellant then gave an oral summary of his witnesses' testimony, by way of an offer of proof as to solvency, and had several documents marked as exhibits for the record. After taking the matter under advisement for five months, the trial judge entered an order summarily denying the petition, which stated that

The petition for qualification for Bail Bondsman is denied because of the failure to comply with the local rules of depositing cash with the Clerk of the Court.

All other matters, including the fitness of the agent, are reserved for any future hearing.

The insurance company appeals from the dismissal of its petition.

## AUTHORITY OF LOCAL COURTS TO REGULATE BONDING COMPANIES

Appellant first argues that the State Commissioner of the Department of

Commerce and Insurance is mandated by Tenn. Code Ann. §56-15-101, et seq. (1994), to be the regulating authority of insurance companies doing business as bonding companies in Tennessee, thus preempting the authority of the local courts to also impose their own regulations. However, this Court previously decided this issue against appellant in In Re Hitt, 910 S.W.2d 900 (Tenn. Crim. App. 1995). In that case we held that

> it is the trial court's function to regulate the professional bondsmen that execute bonds in its court, and it may impose reasonable limitations on the total liability of such bondsmen's undertakings in that court. [T.C.A. §§ 40-11-302--306]. Further, a trial court has the inherent power to administer its affairs, including the right to impose reasonable regulations regarding the making of bonds. Taylor v. Waddey, 206 Tenn. 497, 334 S.W.2d 733 (1960).

> Hull v. State, 543 S.W.2d 611, 612 (Tenn. Crim. App. 1976). In other words, the trial court is given wide discretion in its regulation of bail bondsmen and its actions will not be overturned absent a showing that they were arbitrary, capricious or illegal. Taylor v. Waddey, 206 Tenn. 497, 504, 334 S.W.2d 733, 736 (1960). Moreover as Taylor notes, the fact that the legislature has enacted statutes dealing with bail bondsmen and their regulation does not in any way interfere with the inherent powers of regulation possessed by the court to act in addition to the statutes. Id.

In Re Hitt, supra, at 903-904. Therefore, statutory authority given the executive branch of government to regulate insurance companies does not preempt the inherent power of the judicial branch to supervise the orderly administration of the courts, which includes the imposition of reasonable regulations regarding the making of bail bonds. This issue is without merit.

**AUTHORITY TO REQUIRE ADDITIONAL DEPOSITS**

Appellant next suggests that since Tenn. Code Ann. §56-15-105 (1994) requires that a $100,000 deposit must be made with the State Commissioner of Commerce and Insurance before any surety company is authorized to execute bonds in this state, attempts by a local court to require that additional funds must be deposited locally by the surety before it can be allowed to execute bonds in that judicial district is in direct conflict with state law. This Court finds no such conflict. Our Supreme Court, in In Re: Indem. Ins. Co. of North America, 594 S.W.2d 705 (Tenn. 1980), held that

> It is true, as pointed out by the appellant, that insurance companies which qualify under T.C.A. §§ 56-1401 to 1415 [now §§56-15-101 to 115] are required to post assets with the Department of Insurance in this state, or with similar

4

officials in other states, which are subject to being reached by local courts to satisfy bail bond obligations. <u>Ordinarily an insurance company which complies with these statutes should not be required to file additional assets with local courts in the absence of a finding by local judges of specific reasons therefor.</u> We agree with counsel for appellant that the statutory scheme provided by the insurance laws ordinarily should afford sufficient ready, liquid assets to satisfy the obligations of an insurance carrier writing bail bonds....

<u>Nevertheless, ... there can be no question, in our opinion, of the legal authority of local courts to require the posting of additional assets to secure bail bond obligations of any professional bondsman, insurance carrier or otherwise.</u>

<u>Id</u>. at 708 (emphasis supplied). Therefore, Tenn. Code Ann. §56-15-105 (1994) does not prohibit a trial court of this state from requiring the posting of additional assets locally, provided the court sets out specific reasons for its ruling.

In the denial of the instant petition, the only reason given by the trial judge in his order was the insurance company's "failure to comply with the local rules of depositing cash with the Clerk of the Court." He gave no specific reason why the additional deposit was needed, other than that a local rule required it. No copy of that local rule was included in the record on appeal.

It is well settled that the trial courts of this state have the authority to make and implement reasonable local rules of practice and procedure in their respective courts, as long as these local rules do not conflict with a substantive rule of state law. <u>Richie v. Liberty Cash Grocers, Inc</u>. 63 Tenn. App. 311, 471 S.W.2d 559, 560 (Tenn. App. 1971); <u>Brown v. Daly</u>, 884 S.W.2d 121, 123 (Tenn. App. 1994); <u>Pettus v. Hurst</u>, 882 S.W.2d 783, 786 (Tenn. App. 1993). "No rule of court is ever effective to abrogate or modify a substantive rule of law," however. <u>Brown</u>, 884 S.W.2d at 123. The substantive rule of law to be followed in this case is that ordinarily, "an insurance company which complies with [Tenn. Code Ann. §§56-15-101 to 115] should not be required to file additional assets with local courts in the absence of a finding by local judges of specific reasons therefor." <u>In Re: Indem. Ins. Co. of North America</u>, <u>supra</u>, at 708. Therefore, a local rule of law that would require the deposit of additional funds before a petition to qualify could be heard would be null and void <u>ab initio</u> to the extent that it conflicts with the substantive right of the insurance company to have a hearing on the merits, and the right to be required to put up additional funds only upon a finding by the trial judge of specific reasons therefor.

On appeal, "the trial court is given wide discretion in its regulation of bail

5

bondsmen and its actions will not be overturned absent a showing that they were arbitrary, capricious or illegal." Taylor v. Waddey, 206 Tenn. 497, 504, 334 S.W.2d 733, 736 (1960), cited in In Re Hitt, supra, at 904. "Arbitrary and capricious" has been defined in part as an "unreasoning action, without consideration and in disregard of the facts or circumstances of the case." Wright v. Bd. of Dispensing Opticians, 759 S.W.2d 929, 932 (Tenn. Ct. App. 1988); see also Black's Law Dictionary 105 (6th ed. 1990). From the sparse record before us it appears the trial judge made the following of the local rule a prerequisite to the hearing of the petition on its merits, and so did not consider the solvency of the company or any of the particular facts in the case. He then summarily denied the petition, finding only that the deposit of additional funds still had not been made after a five month wait. Since the dismissal of the petition occurred without allowing the insurance company the right of a hearing and a finding of specific reasons, if any, as to why it might be required to make a local deposit of cash with the Loudon County Court Clerk, this Court finds the denial of the petition to be "without consideration and in disregard of the facts or circumstances of the case," and therefore arbitrary and capricious.

For this reason, the order of the trial court denying appellant's petition to qualify as a bail bondsman is hereby set aside, and this cause is remanded to the trial court for a hearing on the merits of the petition. If the trial court, after a hearing, qualifies appellant to underwrite bail bonds in Loudon County, it may require additional cash deposits, deeds of trust, or any other liquid assets it deems proper to be held by the Loudon County Court Clerk, upon a finding of specific reasons therefor. See, e.g., State v. AAA Aaron's Action Agency, 1997 Tenn. Crim. App. LEXIS 956, C.C.A. NO. 01C01-9608-CR-00348, Davidson County (Tenn. Crim. App., filed September 30, 1997).

_____
_____CHRIS CRAFT, SPECIAL JUDGE

6

CONCUR:

_____
JERRY L. SMITH, JUDGE


_____
JOE RILEY, JUDGE