# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs October 9, 2012

## IN RE: A WAY OUT BONDING

**Direct Appeal from the Circuit Court for Maury County**
**No. 14026     Robert L. Jones, Judge**

---

**No. M2012-00423-CCA-R3-CO - Filed May 28, 2013**

---

The appellant, A Way Out Bonding, appeals the Maury County Circuit Court's denial of its Petition to Operate a Bail Bonding Company. Based upon the record and the parties' briefs, we conclude that the trial court erred by summarily denying the petition without conducting a hearing. Therefore, the judgment of the trial court is reversed, and the case is remanded for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Reversed, and the Case is Remanded.**

NORMA MCGEE OGLE, delivered the opinion of the Court, in which JERRY L. SMITH and JOHN EVERETT WILLIAMS, JJ., joined.

Benjamin K. Dean, Springfield, Tennessee, for the appellant, A Way Out Bonding.

Robert E. Cooper, Jr., Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; and T. Michel Bottoms, District Attorney General for the appellee, State of Tennessee.

## OPINION

### I.  Factual Background

The record reflects that on October 5, 2011, Vincent Bernard Dixie, doing business as A Way Out Bonding; Khalid Abul Khaliq; and Fulton Pernell Booker filed a petition in the Maury County Circuit Court, requesting approval of A Way Out Bonding as a provider of bail bonding services in the 22nd Judicial District. According to the petition, Dixie was the sole proprietor of the business and Khaliq and Booker were to be the company's bonding agents. The petition stated that the company already had been approved for bail bonding

services in Robertson, Montgomery, Dickson, Cheatham, Hickman, and Williamson Counties and that the company was "bonded for the purpose of carrying on bail bonding services in the amount of up to One Hundred Twenty Five Thousand Dollars ($125,000.00) for each Bond available by and through Lexington National Insurance Corporation." The appellant requested that it be approved in the 22nd Judicial District to write bonds in that amount, per bond, with an aggregate limit of two million dollars.

In a letter dated October 24, 2011, the trial court informed the appellant's attorney that it had reviewed the petition but that the court would not approve the petition "because our district does not allow bonding agencies that issue bonds through insurance companies, unless the insurance company complies with Rule 3(b) of our local rules for professional bail bondsmen." The letter stated that if Dixie "provide[ed] security as set forth under Rule 5, he may be approved to write bonds without the insurance company." On January 30, 2012, the trial court filed an order formally denying the petition, stating that bonds issued through an insurance company were prohibited in the 22nd Judicial District and that "[t]he Petitioner was informed through his attorney . . . that the company would have to provide security as set forth under Rule 5, but nothing further has been submitted." On February 17, 2012, the appellant appealed the trial court's order.

## II.  Analysis

The appellant contends that the trial court erred by denying the petition because "[i]t is now well settled Tennessee Law that bondsmen may operate through insurance companies as sureties in lieu of cash or real property being posted as collateral" and because Rule 6 of the 22nd Judicial District's local rules allows bondsmen to operate through licensed insurance companies. The appellant claims that the trial court acted "arbitrarily and capriciously" by denying the petition and that the appellant is entitled to a hearing in the trial court on the merits of the petition. The State acknowledges that the trial court incorrectly stated in its January 30, 2012 order that the 22nd Judicial District prohibits the issuance of bail bonds written through insurance companies. However, the State contends that the trial court correctly stated in its October 24, 2011 letter that a bonding company could issue bail bonds through an insurance company if the insurance company complied with Rule 3(b) of the 22nd Judicial District's local rules. The State argues that because the insurance company failed to comply with local rule 3(b) in this case, the trial court properly denied the petition.

As this court has explained,

> A trial court has full authority to determine who should be allowed to make bonds in its court. Gilbreath v. Ferguson, 195 Tenn. 528, 260 S.W.2d 276 (1953).  It is the trial court's

function to regulate the professional bondsmen executing bonds in its court, and it may impose reasonable limitations on the total liability of such bondsmen's undertakings in that court. [Tenn. Code Ann.] § 40-11-301 [to] -306 (2009). "A trial court has the inherent power to administer its affairs, including the right to impose reasonable regulations regarding the making of bonds." Hull v. State, 543 S.W.2d 611, 612 (Tenn. Crim. App. 1976) (citing Taylor v. Waddey, 206 Tenn. 497, 334 S.W.2d 733 (1960)). A trial court is given wide discretion in its regulation of bail bondsmen, and its actions will not be overturned absent a showing that they were arbitrary, capricious, or illegal. Taylor, 334 S.W.2d at 736.

In Re: Tyrone A. Byrd v. State, No. W2009-01257-CCA-R3-CD, 2010 Tenn. Crim. App. LEXIS 45, at **3-4 (Jackson, Jan. 15, 2010). This court reviews a trial court's denial of a bondsman's application or revocation of authority to act as a bondsman under a de novo standard of review. Tenn. Code Ann. § 40-11-125(d).

Tennessee Supreme Court Rule 18 authorizes the adoption and publication of local rules. However, such rules cannot be inconsistent with "the statutory law, the Rules of the Supreme Court, the Rules of Appellate Procedure, the Rules of Civil Procedure, the Rules of Criminal Procedure, the Rules of Juvenile Procedure, and the Rules of Evidence." Tenn. Sup. Ct. R. 18(a); see In re Int'l Fid. Ins. Co., 989 S.W.2d 726, 729 (Tenn. Crim. App. 1998). Rule 1 of the 22nd Judicial District's Rules Regarding Professional Bail Bondsmen provides that the local rules were promulgated "to regulate bail bonding entities securing bonds within the Twenty-second Judicial District, composed of Giles, Lawrence, Maury, and Wayne Counties. The purpose of these rules is to assure compliance with Tenn. Code Ann. § 40-11-301, et seq." Local Rule 3 of the Rules Regarding Professional Bail Bondsmen lists the requirements for a petition seeking approval of a bondsman.[1] Specifically, Rule 3.02(b) states as follows:

---

[1]Tennessee Code Annotated section 40-11-301(4)(A) defines "professional bondsman" as

any person, firm, partnership or corporation, engaged for profit in the business of furnishing bail, making bonds or entering into undertakings, as surety, in criminal proceedings, or for the appearance of persons charged with any criminal offense or violation of law or ordinance punishable by fine, imprisonment or death, before any of the courts of this state, including municipal courts or securing the payment of fines, judgments or damages imposed and of costs assessed by those courts upon preliminary or final disposition thereof[.]

> If the applicant seeks authority based upon assets owned
> partially or wholly by others, such other owners of such assets
> must join in the petition and agree that their interests in such
> assets are subject to seizure for satisfaction of bond obligations,
> in the event of any final forfeiture, unless otherwise satisfied.
> Such other owners shall sign before a notary public a guaranty
> of all bond obligations to be made by the applicant, or such
> assets shall be excluded from consideration in determining
> bonding limits.

In this case, the trial court informed the appellant by letter that the appellant had not complied with Local Rule 3(b). The trial court did not specify how the appellant failed to comply with the rule. However, the State contends that the appellant failed to comply in that Lexington National Insurance Corporation did not join in the petition and agree that its interests in assets were subject to seizure for satisfaction of bond obligations. From our review of the petition, the State appears to be correct. Nevertheless, we must conclude that the trial court erred by summarily denying the petition. Rule 4.03 of the 22nd Judicial District's Rules Regarding Professional Bail Bondsmen provides that in the process of approving or denying the petition, "the petition shall be set for a hearing on a date when the circuit judges may sit en banc, with a minimum of two judges for a quorum." Moreover, Local Rule 4.04 provides,

> At the hearing, the court will approve or deny the application.
> If approved, the court shall set bonding limits, and an order will
> be prepared for signature by all of the circuit judges. If an
> application is denied, the judges shall state the reasons and give
> the applicant an opportunity to cure any curable objections.

The trial court failed to comply with the local rules in summarily denying the petition without a hearing and giving the applicant an opportunity to cure any deficiencies in the petition. Also, the order denying the petition is not signed by all the circuit judges as required by Rule 4.04.

As stated previously, a trial court has "wide discretion" in its regulation of bail bondsmen. In re International Fid. Ins. Co., 989 S.W.2d 726, 728 (Tenn. Crim. App. 1998). Tennessee Code Annotated section 40-11-125(a) provides that a trial court may withhold approval of a professional bondsman if it appears that the bondsman (1) has been guilty of violating any state law regarding bail bonds, (2) has had a judgment of forfeiture entered against the bondsman and the judgment remains unsatisfied, or (3) has been deemed guilty of professional misconduct described in Tennessee Code Annotated section 40-11-126. The

Code also addresses a trial court's withholding approval based upon a bondman's infirmities. For example, a trial court may prohibit a bondsman from issuing bonds if the bondsman has "individually or as a corporation owner been discharged in a bankruptcy proceeding leaving unsatisfied outstanding forfeitures with any court." Tenn. Code Ann. § 40-11-317(c). To that end, the 22nd Judicial District's Rules Regarding Professional Bail Bondsmen do not conflict with a substantive rule of law.

Given that the trial court summarily denied the petition without a hearing as required by the 22nd Judicial District's local rules, we conclude that the trial court's denial of the petition must be reversed and the case remanded to the trial court in order for the court to comply with the approval process described in Rule 4 of the 22nd Judicial District's Rules Regarding Professional Bail Bondsmen.

### III.  Conclusion

Based upon the record and the parties' briefs, the judgment of the trial court is reversed, and the case is remanded to the trial court for further proceedings consistent with this opinion.

_____

NORMA McGEE OGLE, JUDGE